CHATTEL MORTGA-GES.

HELT v. STATE.

INDICTMENT : *Presumption as to returning.*

Where an indictment recites that it was found in the Circuit Court of a county embracing two judicial districts, without specifying in which district it was found, and it appears from the term at which the indictment was found and the date of the Clerk's indorsement upon it when it was received from the grand jury, that it was returned at a time when the court for one of the districts alone could legally be in session, it will be presumed from the indictment itself that it was returned by a grand jury legally empaneled in that district.

APPEAL from *Lincoln* Circuit Court, Star City District

JOHN M. ELLIOTT, Judge.

The following indictment was returned by a grand jury into the Circuit Court of Lincoln County at a term thereof beginning on the 27th day of August, 1888, and held at the court house in Star City :

"IN THE LINCOLN CIRCUIT COURT,
"August Term, 1888.

" STATE OF ARKANSAS,

v

" J. S. HELT.

" The grand jury of Lincoln County, in the name and by the authority of the State of Arkansas, accuses J. S. Helt of the crime of carrying a weapon, committed as follows, to-wit :

"The said J. S. Helt, in the county and State aforesaid, on the 20th day of April, 1888, did carry a pistol as a weapon contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Arkansas."

The defendant filed a special demurrer stating as grounds of objection to the indictment : (1.) That it does not show that it was found by the grand jury of Lincoln County for the Star City District. (2.) That it does not state that the offense was committed within the jurisdiction of the Circuit Court of said county in and for said district. The demurrer was overruled, and the defendant having been convicted appealed. By an act approved April 9, 1885, and amended in 1887, Lincoln County was divided into two judicial districts, to be known as the Star City District and the Varner District. The act provides that the Circuit Court held at the county seat shall be styled " The Circuit Court for the County of Lincoln for the Star City District," and shall have exclusive jurisdiction over that district. It also provides that the Circuit Court held at the Town of Varner shall be called " The Circuit Court of Lincoln County for the Varner District," and that its jurisdiction shall extend over the latter district as if the same were a constitutional county. The act further provides that to ascertain the venue of actions, the two districts shall be for

Helt v. State.

the purposes of the act considered as separate and distinct counties. And that the Circuit Courts established therein "shall be as distinct from each other as if they were the Circuit Courts of different counties."

The time fixed for holding the Circuit Court for the Star City District is the fourth Mondays in February and August, and for the Varner District on the first Mondays in March and September.

*J. M. Cunningham*, for appellant.

Lincoln County was divided into two districts by Acts 1887, page 262. Two Circuit Courts were thereby erected, having separate territorial jurisdiction. The indictment is insufficient because it does not charge that the offense was committed within the jurisdiction of the court for the Star City District. *Mansf. Dig.*, sec. 2106; *1 Bish. Cr. Pro.*, secs. 375, 98; *Mansf. Dig.*, sec. 2113; *Coke, Litt.*, 381a, 381b. See, also, 31 Ala., 227; 5 Cal., 169; 13 Ia., 310; 13 Ohio, N. S., 382; 32 Tex., 204; 3 N. E. Rep., 903.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford*, for appellee,

The demurrer was properly overruled. 12 Ark., 799; 1 Bish. Cr. Pro., secs. 661–2–4–7; 50 Ala., 155; Mansf. Dig., secs. 2107, 2113.

PER CURIAM. The indictment recites simply that it was found in the Lincoln Circuit Court, at the August term, 1888, by the grand jury of Lincoln County, without specifying in which of the two districts of the county it was found. Without referring to the record entries to ascertain where the court sat which empaneled the grand jury, it appears from the term at which the indictment was found, and date of the Clerk's indorsement upon it, when it was received from the grand jury, that it was returned at a time when the Star City District of the court alone could legally be in session. It will therefore be presumed from the indictment itself, that it was re-

*[margin note: INDICTMENT: Presumption.]*

turned by a grand jury legally empaneled in that district.   See
*Cornelius v. State, 12 Ark., 799.*

The proof shows that the offense was committed in that
district; the defendant was tried and convicted there; there
is no other point made in the case, and the judgment will be
affirmed.